LS3_Complaint2.doc

CV 12                        0338

Carl E. Person
Attorney for Plaintiff
225 E. 36th Street – Suite 3A
New York NY  10016-3664
Telephone:  (212) 307-4444
Facsimile:  (212) 307-0247
carlpers2@gmail.com

WEXLER, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WALL, M.J.

------------------------------------------------------------x

LOIS SACKS,

                        **Plaintiff,**

               v.

DEUTSCHE BANK NATIONAL TRUST COMPANY
AS INDENTURE TRUSTEE FOR AMERICAN HOME
MORTGAGE INVESTMENT TRUST 2006-3,
MORTGAGE-BACKED NOTES, SERIES 2006-3;
AMERICAN HOME MORTGAGE; AHM SV, INC.;
AMERICAN HOME MORTGAGE SERVICING INC.;
MERSCORP HOLDINGS, INC., F/K/A MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., F/K/A
MERSCORP, INC., FEDERAL DEPOSIT INSURANCE
CORPORATION, and JOHN DOES 1-100,000 (described
as anyone having or claiming any interest in American
Home Mortgage Investment Trust 2006-3, Mortgage-Backed
Notes, Series 2006-3 or anyone claiming any interest in all or
any part of the property located in Suffolk County, New York,
known as 72 Beckys Path, Bridgehampton, New York 11932),

                       **Defendants.**

------------------------------------------------------------x

ECF CASE

Index No.

COMPLAINT

(Jury Demand)

2012 DEC 26  PM12: 26
FILED
CLERK

    1.    Plaintiff, LOIS SACKS ("Sacks" or the "Plaintiff") brings this action

against Defendants, Deutsche Bank National Trust Company as Indenture Trustee for

American Home Mortgage Investment Trust 2006-3, Mortgage-Backed Notes, Series 2006-3 ("DBNTC"); American Home Mortgage Corp. ("AHMC"), AHM SV, INC. ("AHM"), American Home Mortgage Servicing Inc. ("AHMSI"), MERSCORP Holdings, Inc, formerly known as Merscorp and Mortgage Electronic Registration Systems, Inc. ("MERS"), Federal Deposit Insurance Corporation, and John Does 1-10 ("John Does"), to quiet title to the property known as 72 Beckys Path, Bridgehampton, New York 11932, for damages and other relief, and alleges as follows:

## I. **Jurisdiction**

2.   Subject-matter jurisdiction exists under diversity of citizenship, pursuant to 28 U.S.C. §1332.  The Plaintiff is a citizen and resident of the State of Florida; and each of the Corporate Defendants is incorporated in states other than Florida and have their principal places of business in states other than Florida. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3.   Personal jurisdiction of this Court over the Defendants exists in that each of the Defendants regularly conducts or transacts business within the Eastern District of New York, that a substantial part of the alleged activities of the Defendants occurred within this District, and that the real property involved in the

transactions is located in Suffolk County, within the this District, causing injury to the Plaintiff's property in this District.

## II. Venue

4.    Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District and the real property at issue is located in this District.

## III. Parties – the Plaintiff

5.    Plaintiff, **LOIS SACKS** ("Sacks" or the "Plaintiff") is a citizen and resident of the State of Florida.

6.    Plaintiff, at all relevant times, has been a widow and in retirement.

7.    Plaintiff is the owner of 72 Beckys Path, Bridgehampton, NY 11932 (the "Bridgehampton Property"), which is the real property about which this action to quiet title relates. **Schedule A** hereto is a description of the Bridgehampton Property.

8.    From time to time during the since 1998, the Plaintiff has visited and stayed in the Bridgehampton Property.

9.    The property described in ¶ 7, was held in the name of the Plaintiff, and was owned without any liens or encumbrances by any lender, bank or judgment creditor.

3

10. The Plaintiff's credit rating, prior to the activities about which the Plaintiff complains herein, was high, and the Plaintiff had no outstanding loans other than various credit cards which were paid in full each month.

11. At all relevant times, the Plaintiff owned liquid assets exceeding 9 digits, and had no need to borrow any money utilizing the subject property as collateral.

12. At all relevant times, the Plaintiff did not make out any applications for a loan of any type, secured or unsecured.

13. At all relevant times, the Plaintiff was not turned down by any prospective lender, bank, credit card company or other person for any proposed loan.

## IV. Parties – the Defendants

14. Defendant, **Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-3, Mortgage-Backed Notes, Series 2006-3** ("DBNTC"), was formerly known as Bankers Trust Company of California, National Association and changed its name in 2002 and operates as a subsidiary of Deutsche Bank Trust Corporation with its principal place of business in the State of New York.

15. Defendant, **American Home Mortgage Corp.** ("AHMC"), a corporation incorporated under the laws of the State of New York. including its

4

unincorporated division American Brokers Conduit ("ABC"), until it went into bankruptcy (in Delaware) on or about August 6, 2007 was in the business of lending money throughout most states in the United States secured by residential mortgages.

16. Defendant, **AHM SV, INC.** ("AHM"), changed its name in April, 2008 from **American Home Mortgage Servicing Inc.** ("AHMSI"). AHM is a corporation incorporated under the laws of the State of Maryland with its principal place of business in  Coppell, Texas and since 1990 has been qualified to do business in the State of New York.  AHM is affiliated with AHMC, and at all relevant times was a mortgage servicing organization servicing mortgages owned by AHMC. AHM's principal place of business is at 1525 S. Beltline Road, Coppell, TX 75019. At all relevant times, AHM has been licensed in New York State under the following licenses:

> New York NYC Debt Collection Agency-TEXAS 1306609
> New York NYC Debt Collection Agency-FLORIDA 1306610
> New York NYC Debt Collection Agency-CALIFORNIA 1306607
> New York Debt Collector License (Buffalo) 549332
> New York Mortgage Servicer Registration – TEXAS 3984
> New York Mortgage Servicer Registration Branch– FLORIDA 23031
> New York Mortgage Servicer Registration  - CALIFORNIA 23001
> [Source: www.ahmsi3.com/servicing/PDF_files/AHMSI_Licensing.pdf]

17. During 2006, AHMC, ABC and AHM had offices in Suffolk, Nassau and New York Counties in the State of New York.

18.    Defendant, **Federal Deposit Insurance Corporation** ("FDIC") is an independent agency of the United States government, created by Act of Congress in 1933. In November, 2007, as part of the bankruptcy liquidation of bankruptcy mortgage company IndyMac, sold IndyMac's controlling shares of AHM stock to private-equity firm Wilbur Ross & Co. LLC, which in 2008 continued the mortgage servicing business of AHM. On April 28, 2008, AHMSI changed its name to AHM SV, Inc.

19.    Defendants **JOHN DOES 1-100,000** (described as anyone having or claiming any interest in American Home Mortgage Investment Trust 2006-3, Mortgage-Backed Notes, Series 2006-3 or anyone claiming any interest in all or any part of the property located in Suffolk County, New York, known as 72 Beckys Path, Bridgehampton, New York 11932) (the "Property"), including any persons having an alleged equitable interest through their purchase of shares in said mortgage-backed notes, series 2006-3.

## IV.  Defendants' Activities

20.    Upon information and belief, starting sometime in early or mid 2006, East Coast Capital Corp. ("East Coast"), a mortgage broker located in Nassau County, started negotiations with persons unknown to obtain a loan secured by the Bridgehampton Property.  These negotiations were unknown to and not authorized by the Plaintiff.

6

21.   Upon information and belief, East Coast brought the proposed loan transaction to ABC division of AHMC, which created papers purporting to be a secured loan in the amount of $805,000 at 7.982% interest, with monthly payments of $2,589.20 to be made to AHM, to be secured by the Bridgehampton Property.

22.   The note and mortgage were in the name of Lois Sacks, and are dated June 26, 2006.

23.   The note and mortgage have forged signatures of the Plaintiff, Lois Sacks.

24.   The Plaintiff was unaware of the documents, or the transaction, and (i) did not authorize the documents, (ii) did not participate in preparation or review of the documents, (iii) did not sign or receive copies of any of the documents, and (iv) did not receive any money or other consideration from the transaction or any of the participants therein.

25.   The note and mortgage in the name of Lois Sacks purportedly secured by the Bridgehampton Property were forged and invalid and of no force and effect as to the Plaintiff or the Bridgehampton Property.

26.   Two New York notary publics (i.e., Helene J. Baymack and Anne Illions) falsely attested that the Plaintiff signed the documents and did so in front of the notaries public.

27.  The Plaintiff never signed any of the documents, and never appeared before either of the two notaries, and was unaware of the execution and/or any delivery of these documents in her name.

28.  The Plaintiff never executed or granted any power of attorney for anyone to enter into the transaction with the Defendants or any other person concerning the Bridgehampton Property.

29.  The note and mortgage dated June 26, 2006, forged documents, were recorded in Liber 21348 page 179 in the Office of the Clerk for the County of Suffolk on the 27th day of July, 2006.

30.  On August 12, 2009, MERS, as purported nominee for ABC, assigned the note and mortgage to Deutsche Bank, and the assignment was recorded on August 18, 2009, in Liber 21849 at page 242 (the "Recorded Assignment").

31.  Upon information and belief, during the period from the purported closing of the loan, on June 26, 2006, through February 1, 2009, the monthly payments of $2,589.20 were being paid by an unknown person to the servicing agent of Defendant AHMC, Defendant AHM.

32.  During June 2009, AHM and/or AHMC issued a notice of default as to the purported loan.

33.  On September 10, 2009, the Defendant Deutsche Bank, as the plaintiff therein, filed a foreclosure action against Lois Sacks in the Supreme Court,

Suffolk County, relating to the Bridgehampton Property, under Index No. 35515/2009.

34. After counsel for Lois Sacks explained the situation to counsel for Deutsche Bank, a stipulation of discontinuance was filed and on September 27, 2010 an Order of Discontinuance of Action and to Cancel (the lis pendens) was entered in the Supreme Court, Suffolk County.

35. The note, mortgage and various papers in support of the note and mortgage are replete with indications that the documents have been forged, and that the transaction was authorized by Defendants without adherence to reasonable investment, lending and banking standards.

36. The Defendants had knowledgeable intent to create a fraudulent mortgage.

### V. Damages

37. By reason of the foreclosure action, the Plaintiff's credit rating has been injured, without justification.

38. By reason of the recording of the note and mortgage, and any other documents such as UCC filings, there has been placed a forged, invalid lien and encumbrance on the Plaintiff's Property.

39. The Plaintiff has incurred substantial legal and other expenses in trying to clear the title to the Bridgehampton Property.

**Relief Requested for Both Claims**

40. The Plaintiff is entitled to damages for her legal fees and expenses, as well as the decline in value of her property and personal credit injury as a result of the invalid lien and encumbrance that have been on the Bridgehampton Property.

41. The Plaintiff is entitled to a judgment declaring that the Note and Mortgage are forged and invalid *ab initio.*

42. The Plaintiff is entitled to a judgment requiring the County Clerk in Suffolk County to remove from the Clerk's files the recorded Note, Mortgage, any lis pendens filed with respect to the foreclosure action brought by Deutsche Bank, any UCC filings concerning the Bridgehampton Property, the Recorded Assignment and any other assignments of the note and/or mortgage or relating to the Note or Mortgage.

## AS AND FOR A FIRST CLAIM FOR RELIEF

## Action to Quiet Title pursuant to N.Y. R.P.A.P.L. § 1521(1)

### (*against All Defendants*)

43. Plaintiff repeats and realleges each of the allegations set forth in ¶¶ 1-42 above, as if more fully set forth herein.

44.    The note and mortgage are forged and invalid, and are not valid liens or encumbrances against the Plaintiff or her Bridgehampton Property.

45.    In light of the allegations set forth ¶¶ 1-44 above, Plaintiff is entitled to a final judgment in this action, including the relief set forth in ¶¶ 40-42 above and the following relief:

(i)    Declaring invalid any claim and interest to the Bridgehampton Property alleged or asserted by Defendants ABC, AHMC, AHM and MERS, and anyone taking from or through any of these Defendants; and

(ii)   Forever barring these Defendants along with anyone taking from or through any of them from asserting or reasserting any mortgage, note or other interest in the Bridgehampton Property; and

(iii)  Directing that any instrument purporting to create and or establish any such interest(s) for these Defendants or anyone taking from or through any of them be immediately delivered to the Plaintiff, or cancelled of record, or be reformed of record as the facts may require; and

(iv)   Awarding title and final possession of the Bridgehampton Property to Plaintiff, together with damages as specified in ¶¶ 40-

42 above, and any such further relief as this court deems just and proper.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### Equitable Action to Quiet Title

#### (*against All Defendants*)

46.    Plaintiff repeats and realleges each of the allegations set forth in ¶¶ 1-45 above, as if more fully set forth herein.

47.    Plaintiff is the lawful owner of record of the Bridgehampton Property.

48.    Defendants ABC, AHMC, AHM and MERS, and anyone taking from or through any of these Defendants claim, or might claim to have, mortgage, security or other interests in the Bridgehampton Property adverse to Plaintiff's interest.

49.    None of these Defendants has any actionable or enforceable interest in the Bridgehampton Property because of the invalidity, as forgeries, the note and mortgage upon which any of the Defendants' alleged interests are based.

50.    Upon information and belief, none of these named Defendants, which are the only ones known to the Plaintiff, are incompetent.

51.    All other parties whose alleged interest in the Bridgehampton Property may be affected by this litigation: John Does 1-100,000, as described in ¶ 19 above.

52.   As a result, Plaintiff is entitled to a final judgment in this action under New York common law for the equitable quieting of title to the Bridgehampton Property, as follows:

(i)   Declaring invalid and unenforceable any claim or interest to the Bridgehampton Property by Defendants ABC, AHMC, AHM and  MERS , as well as anyone taking from or through any of these Defendants; and

(ii)   Forever barring these Defendants along with anyone taking from or through any of them from asserting or reasserting any note, mortgage, security or other interest in the Bridgehampton Property; and

(iii)  Directing that any instrument purporting to create and or establish any such interest(s) for these Defendants or anyone taking from or through any of them be immediately delivered to the Plaintiff, or cancelled of record, or be reformed of record as the facts may require; and

(iv)  Awarding title and final possession of the Bridgehampton Property to Plaintiff, together with damages and punitive damages as specified in ¶¶ 40-42 above, and any such further relief as this court deems just and proper.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### Declaration of Invalidity of Note and Mortgage
### under the Declaratory Judgments Act, 28 U.S.C.A. § 2201

### (*against All Defendants*)

53.   Plaintiff repeats and realleges each of the allegations set forth in ¶¶ 1-
52 above, as if more fully set forth herein.

54.   This third claim for relief is brought as a declaratory judgment action
under 28 U.S.C.A. § 2201.

55.   The Note and Mortgage were not known to, authorized by or
executed by the Plaintiff.

56.   The Note and Mortgage are forged and invalid.

57.   The Plaintiff has not received any benefit from the moneys lent to the
forger(s) of the Note and Mortgage.

**Relief Requested**

58.   The Plaintiff is entitled to a declaratory judgment that the Note and
Mortgage are forged and invalid and of no force or effect.

59.   The Plaintiff is entitled to an order and judgment directing the
expunging of the Note, Mortgage, and lis pendens filings and any UCC or other
filings relating to the Note and Mortgage from the records maintained by the County
Clerk of Suffolk County and the Department of State and any other officer in New

York State having responsibility for the filing and/or expunging of all of such documents from the official records.

## PRAYER

**WHEREFORE,** the Plaintiff prays that this Court issue an Order:

1.    As to the First Claim for Relief, granting the relief described in ¶¶ 40-42 and ¶ 45 and subparagraphs (i) through (iv) of ¶ 45 above (as if more fully set forth herein).

2.    As to the Second Claim for Relief, granting the relief described in ¶¶ 40-42  and ¶ 52 and subparagraphs (i) through (iv) of ¶ 52 above (as if more fully set forth herein).

3.    As to the Third Claim for Relief, granting the relief described in ¶¶ 58-59 above (as if more fully set forth herein).

4.    Granting the Plaintiff reasonable costs and expenses, including attorney's fees in this action; and

5.    Granting such other and further relief, whether in law or in equity, as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable by right to a jury.

**Dated:  New York, New York**
**December 24, 2012**

**Respectfully submitted,**

**Carl E. Person   (CP  7637)**
*Attorney for the Plaintiff, Lois Sacks*
**225 E. 36th Street - Suite 3A**
**New York, New York 10016-3664**
**(212) 307-4444**
**Email:  carlpers2@gmail.com**

Index No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

                                                              ECF CASE

LOIS SACKS,

                                  Plaintiff,

                v.

DEUTSCHE BANK NATIONAL TRUST COMPANY
AS INDENTURE TRUSTEE FOR AMERICAN HOME
MORTGAGE INVESTMENT TRUST 2006-3,
MORTGAGE-BACKED NOTES, SERIES 2006-3;
AMERICAN HOME MORTGAGE; AHM SV, INC.;
AMERICAN HOME MORTGAGE SERVICING INC.;
MERSCORP HOLDINGS, INC., F/K/A MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., F/K/A
MERSCORP, INC., FEDERAL DEPOSIT INSURANCE
CORPORATION, and JOHN DOES 1-100,000 (described
as anyone having or claiming any interest in American
Home Mortgage Investment Trust 2006-3, Mortgage-Backed
Notes, Series 2006-3 or anyone claiming any interest in all or
any part of the property located in Suffolk County, New York,
known as 72 Beckys Path, Bridgehampton, New York 11932),

                                 Defendants.

-----------------------------------------------------------------------x

## COMPLAINT
### (Jury Demand)

**Carl E. Person  (CP  7637)**
*Attorney for the Plaintiff, Lois Sacks*
**225 E. 36th Street - Suite 3A**
**New York, New York 10016-3664**
**(212) 307-4444**
**Email:  carlpers2@gmail.com**

17