Diana M. Eng
Jennifer L. Neuner
**BLANK ROME LLP**
The Chrysler Building
405 Lexington Ave.
New York, NY 10174
(212) 885-5284
*Attorneys for Defendant,/Third Party Plaintiff,*
Ocwen Loan Servicing, LLC, successor in interest
to Homeward Residential,
Inc., f/k/a American Home Mortgage Servicing,
Inc., as Servicer for Deutsche Bank National
Trust Company, as Trustee for American Home
Mortgage Investment Trust, Mortgage-Backed
Notes, Series 2006-3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK (LONG ISLAND)

| | |
|---|---|
| LOIS SACKS,<br><br>       Plaintiff<br><br>       v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-3, MORTGAGE-BACKED NOTES, SERIES 2006-3; AMERICAN HOME MORTGAGE; AHM SV, INC.; AMERICAN HOME MORTGAGE SERVICING INC.; MERSCORP HOLDINGS, INC. F/K/A MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. F/K/A MERSCORP, INC.; FEDERAL DEPOSIT INSURANCE CORPORATION, and JOHN DOES 1-100,000 (described as anyone having or claiming any interest in American Home Mortgage Investment Trust 2006-3, Mortgage-Backed Notes, Series 2006-3 or anyone claiming any interest in all or any part of the property located in Suffolk County, New York, known as 72 Beckys Path, Bridgehampton, New York 11932),<br>       Defendants | Civil Action<br><br>Index No. 2:12-cv-06338-LDW-SIL<br><br>**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM and THIRD PARTY COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

OCWEN LOAN SERVICING, LLC AS
SUCCESSOR IN INTEREST TO
HOMEWARD RESIDENTIAL INC., F/K/A
AMERICAN HOME MORTGAGE
SERVICING, INC. AS SERVICER FOR
DEUTSCHE BANK NATIONAL TRUST
COMPANY AS INDENTURE TRUSTEE FOR
AMERICAN HOME MORTGAGE
INVESTMENT TRUST 2006-3, MORTGAGE-
BACKED NOTES, SERIES 2006-3

       Third-Party Plaintiff

       v.

ROBERT SACKS; FIDELITY NATIONAL
TITLE INSURANCE COMPANY; and IRA
KAHN;

       Third-Party Defendants.

Defendant/Third-Party Plaintiff, Ocwen Loan Servicing, LLC as successor in interest to

Homeward Residential, Inc., f/k/a American Home Mortgage Servicing, Inc., as Servicer for

Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Investment

Trust 2006-3, Mortgage-Backed Notes, Series 2006-3, s/h/a Deutsche Bank National Trust

Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-3,

Mortgage-Backed Notes, Series 2006-3 ("DBNTC" or "Plaintiff"), through the undersigned

counsel, files this Answer, Affirmative Defenses, Counterclaims and Third Party Complaint

against Third-Party Defendants, Robert Sacks, Fidelity National Title Insurance Company

("Fidelity"), and Ira L. Kahn, and, in support thereof, states as follows:

2

## ANSWER

1.       As to the allegations in Paragraph One, the Defendant admits that this is an action to quiet title to property known as 72 Beckys Path, Bridgehampton, New York 11932 (the "Property") and for such other damages as have been pled. Defendant denies that Plaintiff is entitled to quiet title and/or any alleged damages.

## JURISDICTION

2.       As to the allegations in Paragraph Two, the Defendant admits.

3.       As to the allegations in Paragraph Three, the Defendant admits.

## VENUE

4.       As to the allegations in Paragraph Four, the Defendant admits.

## PARTIES – THE PLAINTIFF

5.       As to the allegations in Paragraph Five, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

6.       As to the allegations in Paragraph Six, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

7.       As to the allegations in Paragraph Seven, the Defendant denies, except to admit that Lois Sacks is the mortgagee of property located at 72 Beckys Path, Bridgehampton, NY 11932.

8.       As to the allegations in Paragraph Eight, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

9.       As to the allegations in Paragraph Nine, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

3

10. As to the allegations in Paragraph Ten, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

11. As to the allegations in Paragraph Eleven, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

12. As to the allegations in Paragraph Twelve, the Defendant denies the allegations in so far as they relate to the Property. As to any remaining allegations, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

13. As to the allegations in Paragraph Thirteen, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

### PARTIES – THE DEFENDANTS

14. As to the allegations in Paragraph Fourteen, the Defendant admits.

15. As to the allegations in Paragraph Fifteen, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

16. As to the allegations in Paragraph Sixteen, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

17. As to the allegations in Paragraph Seventeen, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

18. As to the allegations in Paragraph Eighteen, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

19. As to the allegations in Paragraph Nineteen, the Defendant is without sufficient knowledge or information and therefore leaves the Plaintiff to her proof.

4

## DEFENDANTS' ACTIVITIES

20.     As to the allegations in Paragraph Twenty, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

21.     As to the allegations in Paragraph Twenty-One, the Defendant admits that a secured loan in the amount of $805,000.00 with an interest rate of 7.982% with monthly payments of $2,589.20 was made to AHM and secured by the Property. As to any remaining allegations, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

22.     As to the allegations in Paragraph Twenty-Two, the Defendant admits.

23.     As to the allegations in Paragraph Twenty-Three, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

24.     As to the allegations in Paragraph Twenty-Four, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

25.     As to the allegations in Paragraph Twenty-Five, the Defendant denies that the Note and Mortgage secured by the Property are invalid and of no force and effect. As to any remaining allegations, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

26.     As to the allegations in Paragraph Twenty-Six, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

5

27.     As to the allegations in Paragraph Twenty-Seven, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

28.     As to the allegations in Paragraph Twenty-Eight, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

29.     As to the allegations in Paragraph Twenty-Nine, the Defendant admits that the Note and Mortgage were recorded in Liber 21348 page 179 in the Office of the Office of the Clerk of the County of Suffolk on June 27, 2006. As to any remaining allegations, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

30.     As to the allegations in Paragraph Thirty, the Defendant admits.

31.     As to the allegations in Paragraph Thirty-One, the Defendant admits that monthly payments in the amount of $2,589.20 were made monthly between June 26, 2006 and February 1, 2009. As to any remaining allegations, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

32.     As to the allegations in Paragraph Thirty-Two, the Defendant admits.

33.     As to the allegations in Paragraph Thirty-Three, the Defendant admits.

34.     As to the allegations in Paragraph Thirty-Four, the Defendant admits that a stipulation of discontinuance was filed and an Order of Discontinuance of Action and to Cancel was entered in the Supreme Court, Suffolk County on September 27, 2010. As to any remaining allegations, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

6

131093.01326/7462651v.1

35. As to the allegations in Paragraph Thirty-Five, the Defendant denies.

36. As to the allegations in Paragraph Thirty-Six, the Defendant denies.

## DAMAGES

37. As to the allegations in Paragraph Thirty-Seven, the Defendant is without
sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her
proof.

38. As to the allegations in Paragraph Thirty-Eight, the Defendant denies.

39. As to the allegations in Paragraph Thirty-Nine, the Defendant is without sufficient
knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

40. As to the allegations in Paragraph Forty, the Defendant denies.

41. As to the allegations in Paragraph Forty-One, the Defendant denies.

42. As to the allegations in Paragraph Forty-Two, the Defendant denies.

## AS AND FOR THE FIRST CLAIM FOR RELIEF
### *Action to Quiet Title pursuant to N.Y. R.P.A.P.L §1521(1)*

43. As to the allegations in Paragraph Forty-Three, the Defendant repeats and
realleges each of its responses to Paragraphs One through Forty-Two above as if fully set forth
herein.

44. As to the allegations in Paragraph Forty-Four, the Defendant denies that the Note
and Mortgage are invalid liens or encumbrances against the Property. As to any remaining
allegations, the Defendant is without sufficient knowledge or information to form a belief and
therefore leaves the Plaintiff to her proof.

45. As to the allegations in Paragraph Forty-Five, the Defendant denies.

7

## AS AND FOR THE SECOND CAUSE OF ACTION
### *Equitable Action to Quiet Title*

46. As to the allegations in Paragraph Forty-Six, the Defendant repeats and realleges each of its responses to Paragraphs One through Forty-Five above as if fully set forth herein.

47. As to the allegations in Paragraph Forty-Seven, the Defendant denies, except to admit that Plaintiff is a mortgagee on the Property.

48. As to the allegations in Paragraph Forty-Eight, the Defendant admits.

49. As to the allegations in Paragraph Forty-Nine, the Defendant denies.

50. As to the allegations in Paragraph Fifty, the Defendant admits.

51. As to the allegations in Paragraph Fifty-One, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

52. As to the allegations in Paragraph Fifty-Two, the Defendant denies.

## AS AND FOR THE THIRD CAUSE OF ACTION
### *Declaration of Invalidity of Note and mortgage under the Declaratory Judgments Act, 28 U.S.C.A §2201*

53. As to the allegations in Paragraph Fifty-Three, the Defendant repeats and realleges each of its responses to Paragraphs One through Fifty-Two above as if fully set forth herein.

54. The allegations contained in Paragraph Fifty-Four are legal conclusions for which no response is required. To the extent the allegations in Paragraph Fifty-Four are deemed allegations of fact, the Defendant admits that this action has been brought as a declaratory judgment action under 28 U.S.C.A. §2201. Defendant denies any violation of federal or state law and further denies that Plaintiff is entitled to the relief requested.

55. As to the allegations in Paragraph Fifty-Five, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

8

56.     As to the allegations in Paragraph Fifty-Six, the Defendant denies that the Note and Mortgage are invalid.  As to any remaining allegations, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

57.     As to the allegations in Paragraph Fifty-Seven, the Defendant is without sufficient knowledge or information to form a belief and therefore leaves the Plaintiff to her proof.

58.     As to the allegations in Paragraph Fifty-Eight, the Defendant denies.

59.     As to the allegations in Paragraph Fifty-Nine, the Defendant denies.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

1.     Plaintiff fails to state a cause of action against Defendant.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

2.     Plaintiff's claims are barred by the applicable statute of limitations.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

3.     Plaintiff's claims are barred by the doctrines of waiver, release, estoppel, and/or ratification.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

4.     Plaintiff's claims are barred by documentary evidence.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

5.     Plaintiff's claims are barred by the Doctrine of Unclean Hands.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

6.     Any damages allegedly sustained by Plaintiff were caused by superseding and/or intervening acts of third parties, and not by Defendant.

131093.01326/7462651v.1

## SEVENTH AFFIRMATIVE DEFENSE

7.     Defendant at all times acted in accordance with and as authorized by applicable state and federal statutes and/or regulations and/or the loan documents.

## EIGTH AFFIRMATIVE DEFENSE

8.     At all times, Defendant acted in good faith with respect to the subject transaction.

## COUNTERCLAIMS

## FACTS AND BACKGROUND

1.     On June 26, 2006, American Brokers Conduit ("ABC") made a loan in the amount of $805,000.00 (the "Loan") to Lois Sacks (the "Borrower" or "L. Sacks"), which Loan was evidenced by an Adjustable Rate Note (the "Note") and secured by a Mortgage (the "Insured Mortgage") encumbering certain real property commonly known as 72 Beckys Path, Sag Harbor, New York and more particularly described in the Insured Mortgage (the "Suffolk Property").

2.     Both the Note and the Mortgage were signed by Robert Sacks ("R. Sacks") as "attorney in fact" for the Borrower pursuant to a Power of Attorney (the "POA") purportedly given by the Borrower to R. Sacks in order to effectuate the subject transaction.

3.     Notary Public Ira L. Kahn attested that L. Sacks was present and executed the Power of Attorney in his presence.

4.     Subsequent to the Closing of the Loan, ABC sold the indebtedness evidenced by the Note and transferred all of its right, title and interest in and to the Insured Mortgage to DBNTC pursuant to the terms of an Assignment of Mortgage dated August 12, 2009 and recorded in the Suffolk County Clerk's Office on August 18, 2009.

5.     The Borrower failed to make a mortgage payment on March 1, 2009 and thereafter, resulting in DBNTC instituting a foreclosure action in Suffolk County on or about September 10, 2009 (the "Suffolk County Action").

10

6.      On or about March 12, 2010, L. Sacks commenced a civil action against a separate DBNTC trust entity, entitled *Lois Sacks v. Deutsche Bank National Trust Co., as Trustee for AHM Assets Trust 2007-2 Mortgage-Backed Pass-Through Certificates Series 2007-2, as Assignee; Victor Marino, Auctioneer; East River Tenants Corporation; and John Does 1-10, representing any entities or other persons claiming to have an interest in the security agreement, shares or proprietary lease relating to coop apt. 8-I, 200 East End Avenue, New York, NY,* Index No. 103295/10 (the "New York Action") to prevent the foreclosure of property located at 200 East End Ave., New York, NY 10128 (the "New York Property").

7.      As part of the New York Action, on or about August 9, 2010, L. Sacks executed and filed with the Supreme Court of the State of New York, New York County (the "State Court") an affidavit (the "Affidavit") alleging that the POA, which was offered as evidence of authority to execute mortgages on both the New York Property and the Suffolk Property on Louis Sacks' behalf, was/is fraudulent and asked the State Court to invalidate the Notes on both the New York and Suffolk Property and the Insured Mortgage.

8.      After Defendant was made aware of the Affidavit, it elected to discontinue the Suffolk County Action, without prejudice, due to a "potential error in documents relating to title."

9.      On December 26, 2012, L. Sacks filed a federal complaint alleging that the Loan was forged without her knowledge or consent.

10.     While it is not alleged in the Complaint, that the signatures on the Loan were forged by L. Sacks' eldest son, R. Sacks, the same can be implied/inferred by the signatures on the Note and Mortgage as well as the affirmations stated in the Affidavit executed by L. Sacks in the New York Action.

11

11.    Upon information and belief L. Sacks paid for the legal fees for R. Sacks' criminal prosecution and any civil actions relating to the alleged fraudulent acquisition of numerous mortgages on property owned by L. Sacks, including the Property that is the subject of this litigation.

## FIRST COUNTERCLAIM
### *Breach of Contract*

12.    Defendant repeats and realleges the allegations in Paragraphs One through Eleven as if more fully set forth herein.

13.    By reason of her failure to make the payments referenced above, L. Sacks is now in default under the Loan.

14.    As of the date hereof, there is due and owing from L. Sacks to DBNTC an amount no less than $882,153.01, plus late charges, attorneys' fees, costs of collection and other expenses to be determined.

WHEREFORE, DBNTC demands judgment against L. Sacks and in the alternative, for the following:

   a.   Compensatory damages in an amount not less than $882,153.01;

   b.   Late charges pursuant to the Loan;

   c.   Attorneys' fees and other costs of collection;

   d.   Such other sums which are due to DBNTC pursuant to the Loan due to the default and breach of L Sacks; and

   e.   Such other relief as the Court may deem to be just, proper and equitable.

## SECOND COUNTERCLAIM
### *Account Stated*

15.    Defendant repeats and realleges the allegations in Paragraph One through Fourteen as if more fully set forth herein.

12

16.     L. Sacks is indebted to DBNTC based upon an account stated among the parties, in an amount not less than $882,153.01, plus late charges, attorneys' fees, costs of collection, and other charges due under the Loan by reason of L. Sacks' default and breach.

17.     DBNTC has demanded payment of the sums due, but L. Sacks has failed and refused to pay the same.

WHEREFORE, DBNTC demands judgment against L. Sacks and in the alternative, for the following:

   a.  Compensatory damages in an amount not less than $882,153.01;

   b.  Late charges pursuant to the Loan;

   c.  Attorneys' fees and other costs of collection;

   d.  Such other sums which are due to DBNTC pursuant to the Loan due to the default and breach of L. Sacks;

   e.  Such other relief as the Court may deem to be just, proper and equitable.

## THIRD COUNTERCLAIM
### *Unjust Enrichment*

18.     Defendant repeats and realleges the allegations in Paragraph One through Seventeen as if more fully set forth herein.

19.     L. Sacks induced DBNTC's predecessor in interest to make the Loan referenced above by promising that she would abide by all of her obligations under the Loan, including her obligation to pay principal, interest and other charges.

20.     L. Sacks has failed since her default in March of 2009 to pay the loan balance, interest, late fees, attorneys' fees, costs of collection and other charges fur to DBNTC pursuant to the Loan Agreement.

13

21. L. Sacks has continued to inhabit and enjoy the use of the Property which secures the Loan.

22. By reason of the foregoing, L. Sacks has been unjustly enriched.

WHEREFORE, DBNTC demands judgment against L. Sacks and in the alternative, for the following:

a. Compensatory damages in an amount not less than $882,153.01;

b. Late charges pursuant to the Loan;

c. Attorneys' fees and other costs of collection;

d. Such other sums which are due to DBNTC pursuant to the Loan due to the default and breach of L. Sacks.

e. Such other relief as this Court may deem to be just, proper and equitable.

## FOURTH COUNTERCLAIM
### *Equitable Mortgage*

23. Defendant repeats and realleges the allegations in Paragraphs One through Twenty-Two as if more fully set forth herein.

24. At all relevant times, DBNTC and its predecessors in interest intended for the mortgage obligations evidenced by the Loan to attach the Property.

25. L. Sacks and/or R. Sacks obtained the benefit and use of the Loan proceeds secured by the Loan and Property.

26. In the event the Court determines that the Loan is unenforceable as against L. Sacks due to the fact that the signature was forged by R. Sacks as alleged in the Complaint, or for any other reason, DBNTC is entitled to an equitable mortgage on the Property.

WHEREFORE, DBNTC demand judgment against L. Sacks for the following relief:

a. Adjudging that DBNTC has an equitable mortgage on the Property;

14

b.  Directing that DBNTC be paid the amount due on the Mortgage, together with interest and costs; and

c.  Such other relief as the Court may deem to be just, proper and equitable.

## FIFTH COUNTERCLAIM
### *Fraudulent Transfer*

27.     Defendant repeats and realleges the allegations in Paragraphs One through Twenty-Six as if more fully set forth herein.

28.     Upon information and belief, L. Sacks caused the Loan proceeds from DBNTC's predecessor in interest, evidenced by the Loan, to be transferred to R. Sacks.

29.     Defendant was not and could not have been aware of this fraudulent transfer until August 9, 2010 when L. Sacks filed a sworn affidavit in the Supreme Court of New York stating "Robert Sacks placed an encumbrance on a piece of property I own at 72 Beckys Path, Sag Harbor, Long Island, New York 11963 ... apparently claiming the right to do so under a power of attorney. I never granted any such power of attorney."

30.     Upon information and belief, each and every transfer of the Loan proceeds was fraudulent as to DBNTC.

WHEREFORE, DBNTC demands judgment against L. Sacks and in the alternative as follows:

a.  Voiding the transfer of the Loan proceeds to R. Sacks;

b.  Compensatory damages;

c.  Consequential damages;

d.  Punitive damages;

e.  Attorneys' fees and other costs and disbursements incurred by DBNTC in this action; and

15

f. Such other relief as the Court may deem to be just, proper and equitable.

## SIXTH COUNTERCLAIM
### *Declaratory Judgment*

31. Defendant repeats and realleges the allegations in Paragraphs One through Thirty as if more fully set forth herein.

32. To the extent the Court determines that the signature of L. Sacks was affixed to the Loan by R. Sacks, R. Sacks acted with actual or apparent authority on the part of L. Sacks in signing the Loan on her behalf.

WHEREFORE, DBNTC demands judgment against L. Sacks and in the alternative as follows:

a. A declaratory judgment declaring that L. Sacks has materially breached her contract with DBNTC by failing and/or refusing to make her mortgage payments;

b. Compensatory damages;

c. Attorneys' fees and other costs and disbursements incurred by DBNTC in this action; and

d. Such other relief as the Court may deem to be just, proper and equitable.

## THIRD PARTY COMPLAINT

### INTRODUCTION

On June 26, 2006, American Brokers Conduit ("ABC") made a loan in the amount of $805,000.00 (the "Loan") to Lois Sacks (the "Borrower" or "L. Sacks"), which Loan was evidenced by an Adjustable Rate Note (the "Note") and secured by a Mortgage (the "Insured Mortgage") encumbering certain real property commonly known as 72 Beckys Path, Sag Harbor, New York and more particularly described in the Insured Mortgage (the "Suffolk Property"). *See* **Exhibits A and B**. Both the Note and the Mortgage were signed by Robert Sacks ("R. Sacks") as "attorney in fact" for the Borrower pursuant to a Power of Attorney (the "POA")

16

purportedly given by the Borrower to R. Sacks in order to effectuate the subject transaction. *See* **Exhibit C**. The POA was notarized by Ira L. Kahn who attested that L. Sacks was present and presented her driver's license as proof of her identity. *Id.* Madison Settlement Services, LLC ("Madison") acted as settlement agent in connection with the closing of the Loan (the "Closing") and issued the loan policy of title insurance (the "Policy"). *See* **Exhibit D**. The Policy was underwritten by Fidelity as successor by merger to Lawyers Title Insurance Corporation ("Fidelity"). The Policy insured the Insured Mortgage as a first priority mortgage lien against the Property.

Subsequent to the Closing of the Loan, ABC sold the indebtedness evidenced by the Note and transferred all of its right, title and interest in and to the Insured Mortgage to DBNTC pursuant to the terms of an Assignment of Mortgage dated August 12, 2009 and recorded in the Suffolk County Clerk's Office on August 18, 2009. *See* **Exhibit E**. The Borrower failed to make a mortgage payment on March 1, 2009 and at anytime thereafter, resulting in DBNTC instituting a foreclosure action in Suffolk County on or about September 10, 2009 (the "Suffolk County Action"). *See* **Exhibit F**.

On or about March 12, 2010, L. Sacks commenced a civil action against DBNTC, entitled *Lois Sacks v. Deutsche Bank National Trust Co., as Trustee for AHM Assets Trust 2007-2 Mortgage-Backed Pass-Through Certificates Series 2007-2, as Assignee; Victor Marino, Auctioneer; East River Tenants Corporation; and John Does 1-10, representing any entities or other persons claiming to have an interest in the security agreement, shares or proprietary lease relating to coop apt. 8-I, 200 East End Avenue, New York, NY*, Index No. 103295/10 (the "New York Action") to prevent the foreclosure of property located at 200 East End Ave., New York, NY 10128 (the "New York Property"). *See* **Exhibit G**.

17

As part of the New York Action, on or about August 9, 2010, L. Sacks executed and filed with the Supreme Court of the State of New York, New York County (the "State Court") an affidavit (the "Affidavit") alleging that the POA, which was offered as evidence of authority to execute mortgages on both the New York Property and the Suffolk Property on Louis Sacks' behalf, was/is fraudulent and asked the State Court to invalidate the Notes on both the New York and Suffolk Property and the Insured Mortgage. *See* **Exhibit H**. After Plaintiff was made aware of the Affidavit, it elected to discontinue the Suffolk County Action, without prejudice, due to a "potential error in documents relating to title." *See* **Exhibit I**.

Subsequently, the Third-Party Plaintiff referred the matter to Fidelity with the request that it "defend and indemnify" the Third-Party Plaintiff with respect to the issues presented in the alleged fraudulent Loan. On December 28, 2010, Fidelity informed the Plaintiff that it would not appear and defend its interest in the Suffolk County Property because, while the Third-Party Plaintiff would lose its entire interest in the Property, it will "suffer no loss because even if the lien of the Insured Mortgage were valid, there would be no indebtedness for it to secure." *See* **Exhibit J**. This denial is without merit.

## PARTIES

1.     Third-Party Plaintiff, Ocwen Loan Servicing, LLC, ("Ocwen"), successor in interest to Homeward Residential, Inc. ("Homeward") is the Servicer and Trustee for Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Investment Trust 2006-3, Mortgage-Backed Notes, Series 2006-3 ("DBNTC"). American Home Mortgage had a first mortgage on the Property which mortgage was assigned to DBNTC on August 12, 2009 and recorded on August 18, 2009 in the Suffolk County Land Records. *See* **Exhibit E**. Ocwen, as successor in interest to Homeward, has been servicing this Mortgage and is Trustee under the Pooling and

18

Servicing Agreement ("PSA") and, as such, has the authority to bring this action on behalf of DBNTC.

2.      Third-Party Defendant, Fidelity, provided title insurance with respect to the first mortgage in favor of DBNTC as successor in interest to American Home Mortgage but refuses to provide coverage or a defense thereunder in connection with the Litigation.

3.      Third-Party Defendant, Robert Sacks ("R. Sacks"), is an individual whose last known address is 4815 North Bay Road, Miami, Florida 33139. Upon information and belief, R. Sacks is presently in or was recently released from federal custody at Butner Federal Correctional Complex located in Butner, North Carolina. R. Sacks has engaged in all actions and omissions described in this Third-Party Complaint.

4.      Upon information and belief, Third-Party Defendant, Ira L. Kahn ("Kahn") is a Florida State notary public with a commission that expires on September 17, 2015. Upon information and belief, Kahn is a resident and attorney in the state of Florida with a business address of 1489 W. Palmetto Park Road, Boca Rotan, FL 33486. Kahn has engaged in all actions and omissions described in this Third-Party Complaint.

## JURISDICTION AND VENUE

5.      This is an action for declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

6.      This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1332 because the parties are of diverse citizenship and the amount in controversy, exclusive of costs and interest, exceeds $75,000.00.

7.      This Court has personal jurisdiction over the Third-Party Defendants because each of the Third-Party Defendants regularly conduct or transact business within the Eastern

District of New York, that a substantial part of the alleged activities of the Third-Party Defendants occurred within this District, and the real property involved in this litigation is located in Suffolk County, within the District.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District and/or a substantial part of the property that is the subject of this action is situated in this District.

## FACTS

9.    Upon information and belief, L. Sacks was the record owner of property located at 72 Beckys Path, Sag Harbor, New York (the "Property"). *See* **Exhibit H**.

10.    Upon information and belief, R. Sacks is the eldest son of L. Sacks.

11.    Upon information and belief, in or about June 26, 2006, R. Sacks, as attorney-in-fact, obtained a loan refinancing the Property from American Brokers Conduit ("ABC") in the amount of $805,000.00 (the "Loan") and executed a Note and Mortgage on behalf of L. Sacks.

12.    Upon information and belief, during the loan transaction, R. Sacks presented a Power of Attorney which authorized him as the legal representative for L. Sacks and to conduct all business on behalf of L. Sacks. *See* **Exhibit C**.

13.    Upon information and belief, Third-Party Defendant, Kahn, acting in his capacity as a notary public, falsely attested that L. Sacks executed the Power of Attorney in his presence and presented him with a driver's license to verify her identity. *Id.*

14.    Upon information and belief, at the closing of the Loan transaction, R. Sacks presented himself as having permission and authority, pursuant to the Power of Attorney, to obtain the Loan on behalf of L. Sacks.

131093.01326/7462651v.1

15.     DBNTC as Trustee for American Home Mortgage Investment Trust 2006-3,

Mortgage-Backed Notes, Series 2006-3 became the owner of the Loan pursuant to physical

delivery of the Note and Mortgage and an assignment of mortgage dated August 12, 2009 and

recorded in the Suffolk County Clerk's Office on August 18, 2009. *See* **Exhibit E.**

16.     L. Sacks failed to make the installment payment due for March 1, 2009 on the

Loan, which caused the Loan to be in default.

17.     Subsequently DNBTC filed the Suffolk County foreclosure action on September

10, 2009. *See* **Exhibit F.**

18.     On or about March 12, 2010, L. Sacks commenced a civil action against DBNTC,

entitled *Lois Sacks v. Deutsche Bank National Trust Co., as Trustee for AHM Assets Trust 2007-*

*2 Mortgage-Backed Pass-Through Certificates Series 2007-2, as Assignee; Victor Marino,*

*Auctioneer; East River Tenants Corporation; and John Does 1-10, representing any entities or*

*other persons claiming to have an interest in the security agreement, shares or proprietary lease*

*relating to coop apt. 8-I, 200 East End Avenue, New York, NY*, Index No. 103295/10 (the "New

York Litigation"). *See* L. Sacks Complaint attached hereto as **Exhibit G.**

19.     As part of the New York Litigation, L. Sacks submitted an affidavit (the

"Affidavit") on August 9, 2010, which states in pertinent part: "... Robert Sacks placed an

encumbrance on a piece of property I own at 72 Beckys Path, Sag Harbor, Long Island, New

York 11963 (the "Sag Harbor Property") ... apparently claiming the right to do so under a power

of attorney. I never granted any such power of attorney." *See* **Exhibit H** at ¶ 8.

20.     L. Sacks further stated in the Affidavit: "I did not know about any of these three

mortgage transactions by Robert Sacks and never made any payments on the loans secured by

21

the … Sag Harbor Property. None of these transactions was authorized by or known to me and I did not receive any benefit from the loan proceeds." *See* **Exhibit H** at ¶ 9.

21.     Finally, L. Sacks stated in the Affidavit that she was "filing this affidavit to assist in removal of the above encumbrances from [her] properties in New York State[,]" as she "had nothing to do with the creation of these transactions or in the defaults that subsequently occurred, and want my properties titles to be restored without any encumbrances." *See* **Exhibit H** at ¶ 15.

22.     After learning of the Affidavit, DBNTC elected to discontinue the Suffolk County Action, without prejudice, due to "a potential error in documents relating to title." *See* **Exhibit I**.

23.     On December 26, 2012, L. Sacks filed the instant action in the United States District Court of the Eastern District of New York entitled *Lois Sacks v. Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-3, Mortgage-Backed Notes, Series 2006-3; American Home Mortgage; AHM Sv, Inc.; American Home Mortgage Servicing Inc.; MERSCORP Holdings. Inc., f/k/a Mortgage Electronic Registration Systems, Inc. f/k/a MERSCORP, Inc., Federal Deposit Insurance Corporation, and John Does 1-100,000 (described as anyone having or claiming any interest in American Home Mortgage Investment Trust 2006-3, Mortgage-Backed Notes, Series 2006-3 or anyone claiming an interest in all or any part of the property located in Suffolk County, New York, known as 72 Beckys Path, Bridgehampton, New York 11932*) (the "Federal Litigation"). *See* **Exhibit K.**

### The Title Claim

24.     The forgery and/or presentation of the fraudulent POA occurred at the closing of the Loan on or about June 26, 2006.

25.     At the closing a HUD-1 Uniform Settlement Statement ("HUD-1") showed that the insured fully funded the loan. A copy of the HUD-1 is attached hereto as **Exhibit L**.

22

26.     At the time of the Loan's closing, Fidelity's agent, Madison Settlement Services, LLC ("Madison"), issued a title insurance policy which insured the Loan, policy no. G14-Z172452 (the "Policy"). *See* **Exhibit D**.

27.     David R. Breschi, an employee of Madison, was in attendance at the closing and acted as agent for the insured. The payment of premiums for the Policy was further documented in the HUD-1. *See* **Exhibit L**.

28.     In or about November of 2010, DBNTC submitted its original title letter to Fidelity, advising Fidelity of the alleged fraudulent conduct and requesting that Fidelity defend and indemnify DBNTC from all losses under the Policy (the "Claim").

29.     Specifically, Fidelity contracted to cover "The invalidity or unenforceability of the insured mortgage upon the title[,]" and agreed to "pay the costs, attorney's fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured ..." *See* **Exhibit D** at ¶ 5.

30.     As a result of the alleged fraud, Third-Party Plaintiff is unable to foreclose on the Suffolk Property and/or recoup any of the $805,000.00 secured by the Note and Mortgage, resulting in a complete loss under the Policy and Fidelity is obligated to cover this loss.

31.     As a result of the alleged fraud and the denial of its claims, the Third-Party Plaintiff has and will continue to incur legal fees and costs in order to defend the Federal Litigation.

### Fidelity's Bad Faith Denial

32.     On December 28, 2010, Fidelity denied DBNTC's Claim. *See* December 28, 2010 Denial Letter attached hereto as **Exhibit J**.

23

33.     In denying the Claim, Fidelity alleges that the language in the Policy, which stated in pertinent part "the Company, at its own cost and without unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy[,]" ... "means that the Company must accept the Tender if, but only if, the allegations in the Affidavit could result in a judgment the Company would be obligated to pay under the terms of the Policy." *See* **Exhibit J** at pg. 2.

34.     Fidelity further states that Paragraph 5 of the Policy is subject to Paragraph 3(c) of the Exclusions from Coverage, which states in pertinent part: *The following matters are expressly excluded from the coverage of this Policy and the Company will not pay loss or damage, costs, attorney's fees or expenses which arise by reason of: 3. Defects, Liens, encumbrances, adverse claims, or other matters: (c) resulting in no loss or damage to the insured claimant*[.]" *See* **Exhibit D** at pg. 2.

35.     Fidelity's denial fails to recognize that the loss occurred on June 26, 2006 when DBNTC gave funds in excess of $800,000.00 to R. Sacks in exchange for an invalid security interest, which in itself created the title defect.

36.     Fidelity's denial of the Claim and failure to provide adequate counsel to defend DBNTC was done in bad faith as title defects are expressly covered by the terms of the Policy.

37.     As a result of Fidelity's breach of contract and bad faith denial of the claim under the Policy, DBNTC has been damaged by incurring a total loss on the Mortgage, and obligation to pay court costs, and additional costs and fees to institute and prosecute the State Court action and defend this Federal Litigation.

24

## FIRST CAUSE OF ACTION
### *Declaratory Judgment as to Fidelity*

38.     Third-Party Plaintiff repeats and realleges each and every allegation contained in
paragraphs One through Thirty-Seven above as set forth in full herein.

39.     This is an action for a declaratory judgment pursuant to CPLR § 3001.

40.     Based on Fidelity's unreasonable denial of DBNTC's claim under the Policy there
is a justiciable controversy between the parties with respect to their respective rights and
obligations under the Policy and DBNTC is therefore entitled to a declaration that Fidelity
must pay DBNTC for the complete loss of the mortgage resulting from the Litigation, legal
costs, costs assessed against Plaintiff in the Litigation, and interest.

WHEREFORE, Plaintiff demands judgment against Fidelity as follows:

   a.  A declaratory judgment declaring that Fidelity has materially breached the Policy by
       failing to indemnify and cover DBNTC for its losses relating to the Affidavit and
       Suffolk County Action; Fidelity's breach was unreasonable; Fidelity's denial of
       coverage was done in bad faith and not in accordance with the laws of New York;
       Fidelity must indemnify, and cover DBNTC for the Litigation; Fidelity must pay the
       full value of the complete loss of DBNTC's Insured Mortgage.

   b.  The value of the Policy but not less than $805,000.00, plus interest;

   c.  All attorneys fees and costs incurred by DBNTC in enforcing DBNTC's rights under
       the Policy, including without limitation this action; and

   d.  Such other and further relief as this Court may deem just and proper.

25

## SECOND CAUSE OF ACTION
### *Breach of Contract as to Fidelity*

41.     Third-Party Plaintiff repeats and realleges each and every allegation contained in paragraphs One through Forty above as set forth in full herein.

42.     DBNTC and Fidelity had a valid title policy, under which Fidelity promised to insure DBNTC against all loss or damages stemming from *inter alia* the invalidity or unenforceability of the Insured Mortgage upon the title.

43.     Fidelity has breached the obligations under the Policy by failing to indemnify, and cover DBNTC in responding to the Affidavit and appearing in the Suffolk County Action and by failing to pay the loss as set forth in the Policy.

44.     As a direct result of Fidelity's breach, DBNTC has been damaged in an amount to be determined at trial but not less than the full value of the Policy, $805,000.00, plus interest, costs of defense and other attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a.   A declaratory judgment declaring that Fidelity has materially breached the Policy by failing to indemnify and cover DBNTC for its losses relating to the Affidavit and Suffolk County Action; Fidelity's breach was unreasonable; Fidelity's denial of coverage was done in bad faith and not in accordance with the laws of New York; Fidelity must indemnify, and cover DBNTC for the Litigation; Fidelity must pay the full value of the complete loss of DBNTC's Insured Mortgage.

   b.   The value of the Policy but not less than $805,000.00, plus interest;

   c.   All attorneys fees and costs incurred by DBNTC in enforcing DBNTC's rights under the Policy, including without limitation this action; and

   d.   Such other and further relief as this Court may deem just and proper.

26

## THIRD CAUSE OF ACTION
### *Breach of Contract- Bad Faith as to Fidelity*

45.     Third-Party Plaintiff repeats and realleges each and every allegation contained in paragraphs One through Forty-Four above as set forth in full herein.

46.     Implied in all insurance contracts is a covenant of good faith and fair dealing on the part of the insurer.

47.     Fidelity has breached that covenant and acted in bad faith by *inter alia:* (i) denying coverage under the Policy; and (ii) engaging in unfair, deceptive and unreasonable practices in connection with the Policy and DBNTC's claim.

48.     As a direct result of Fidelity's breach, DBNTC has been damaged in an amount to be determined at trial but not less than the full value of the Policy, $805,000.00, plus interest, costs and attorneys fees.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a. A declaratory judgment declaring that Fidelity has materially breached the Policy by failing to indemnify and cover DBNTC for its losses relating to the Affidavit and Suffolk County Action; Fidelity's breach was unreasonable; Fidelity's denial of coverage was done in bad faith and not in accordance with the laws of New York; Fidelity must indemnify, and cover DBNTC for the Litigation; Fidelity must pay the full value of the complete loss of DBNTC's Insured Mortgage.

   b. The value of the Policy but not less than $805,000.00, plus interest;

   c. All attorneys fees and costs incurred by DBNTC in enforcing DBNTC's rights under the Policy, including without limitation this action; and

   d. Such other and further relief as this Court may deem just and proper.

27

## FOURTH CAUSE OF ACTION
### *Common Law Fraud as to R. Sacks*

49.     Third-Party Plaintiff repeats and realleges the allegations set forth in Paragraphs One through Twenty-Three above as if fully set forth herein.

50.     R. Sacks, to induce DBNTC's predecessor-in-interest to extend a loan to him, made a series of misrepresentations of material facts, including claiming that he was authorized – pursuant to a Power of Attorney – to enter into the loan transaction on behalf of L. Sacks.

51.     R. Sacks knew his statements were false at the time that he made them.

52.     R. Sacks engaged in the conduct described in Paragraphs Forty-Three and Forty-Four of this Third-Party Complaint willfully and deliberately, with wanton dishonesty and a criminal indifference to his civil obligations, for the purpose of inducing DBNTC's predecessor in interest, to extend a loan in the amount of $805,000.00 to him.

53.     DBNTC's predecessor in interest justifiably relied on the representations of R. Sacks in extending and consummating the Loan.

54.     DBNTC was not and could not have been aware of R. Sacks fraudulent conduct until August 9, 2010 when L. Sacks submitted a sworn affidavit stating "Robert Sacks placed an encumbrance on a piece of property I own at 72 Beckys Path, Sag Harbor, Long Island, New York 11963 ... apparently claiming the right to do so under a power of attorney. I never granted any such power of attorney." *See* **Exhibit H**.

55.     By virtue of these circumstances, R. Sacks is liable to DBNTC for compensatory and punitive damages in an amount in excess of $1 million.

WHEREFORE, DBNTC demands judgment as follows:

        a.   Compensatory damages;

        b.   Punitive damages; and

131093.01326/7462651v.1

c.  Costs and interest, in amounts as yet undetermined but in excess of $1 million.

## FIFTH CAUSE OF ACTION
### *Breach of Contract as to R. Sacks*

56.    Third-Party Plaintiff repeats and realleges the allegations set forth in Paragraphs One through Twenty-Six and Forty-Nine through Fifty-Five as if fully set forth herein.

57.    R. Sacks presented himself during the loan transaction and at the closing as having authority to act on behalf of L. Sacks pursuant to a Power of Attorney.

58.    Pursuant to that Power of Attorney, R. Sacks entered into an agreement with DBNTC's predecessor in interest (purportedly on behalf of L. Sacks) pursuant to which it tendered $805,000.00 to R. Sacks in exchange for the promise that he would repay those sums.

59.    The Loan is secured by a Note and Mortgage executed by R. Sacks on behalf of L. Sacks.

60.    DBNTC's predecessor in interest fully performed its obligations pursuant to that agreement.

61.    R. Sacks defaulted on the mortgage by failing to make the installment payment due for March 1, 2009.

62.    Despite repeated demands for payment, R. Sacks has failed to cure his default under the note and mortgage.

63.    By virtue of the foregoing, R. Sacks has breached the agreement with DBNTC, and DBNTC has suffered losses in an amount in excess of $800,000.00 plus interest from March 1, 2009.

WHEREFORE, DBNTC demands judgment as follows:

a.  Compensatory damages;

b.  Punitive damages; and

29

c. Costs and interest, in amounts as yet determined but in excess of $1 million.

## SIXTH CAUSE OF ACTION
### *Unjust Enrichment as to R. Sacks*

64.    Third-Party Plaintiff repeats and realleges the allegations set forth in Paragraphs One through Twenty-Three and Forty-Nine through Sixty-Three as if fully set forth herein.

65.    R. Sacks procurement and retention of the proceeds of the Loan, obtained through his use of the Power of Attorney, has unjustly enriched him.

66.    R. Sacks has no basis for refusing to repay the Loan.

67.    By virtue of R. Sacks' conduct, he is liable to DBNTC for compensatory and punitive damages in an amount in excess of $1 million.

WHEREFORE, DBNTC demands judgment as follows:

a. Compensatory damages;

b. Punitive damages; and

c. Costs and interest, in amounts as yet to be determined but in excess of $2 million.

## SEVENTH CAUSE OF ACTION
### *Fraud as to Ira L. Kahn*

68.    Third-Party Plaintiff repeats and realleges the allegations set forth in Paragraphs One through Twenty-Three as if fully set forth herein.

69.    Kahn executed the Power of Attorney as a notary public of Florida, acknowledging that the Power of Attorney was signed, acknowledged and delivered by L. Sacks, in Kahn's presence, as L. Sacks' voluntary act and deed.

70.    To the extent that the Court determines that the Mortgage is unenforceable due to the fact that the signature of L. Sacks was forged as alleged in the Federal Complaint, then Kahn intentionally engaged, participated or aided and abetted in a scheme to defraud DBNTC of the

30

proceeds of the $805,000.00 loan by notarizing the signature of L. Sacks on the Power of Attorney.

71.　　DBNTC's predecessor in interest relied upon Kahn's signature and conduct as a notary public when extending the Loan to R. Sacks.

72.　　Kahn knew, or should have known, that DBNTC's predecessor in interest would rely on his signature and conduct as a notary public when extending the $805,000.00 loan proceeds.

73.　　DBNTC was not and could not have been aware of Kahn's fraudulent actions until August 9, 2010 when L. Sacks submitted a sworn affidavit stating "Robert Sacks placed an encumbrance on a piece of property I own at 72 Beckys Path, Sag Harbor, Long Island, New York 11963 ... apparently claiming the right to do so under a power of attorney. I never granted any such power of attorney." *See* **Exhibit H**.

74.　　As a result of Kahn's conduct, DBNTC has suffered substantial monetary damages.

WHEREFORE, DBNTC demand judgment against Kahn as follows:

　　　　　a. Compensatory damages;

　　　　　b. Consequential damages;

　　　　　c. Punitive damages;

　　　　　d. Interest;

　　　　　e. Attorneys' fees and costs; and

　　　　　f. Such other relief as the Court may deem to be just, proper and equitable.

### TENTH CAUSE OF ACTION
*Indemnification*

75.　　Third-Party Plaintiff repeats and realleges the allegations contained in Paragraphs

31

One through Seventy-Four as if more fully set forth herein.

76.     Without admitting any liability, in the event that the Court finds DBNTC to be liable to L. Sacks in any respect, such liability is imputed, vicarious and secondary in nature, and as a result any damages for which DBNTC may be liable is chargeable to Fidelity, R. Sacks, and Kahn and DBNTC is entitled to full indemnification from Fidelity, R. Sacks, and Kahn for the same, together with attorneys' fees and costs.

WHEREFORE, in the event that the Court determines that DBNTC has any liability to L. Sacks, DBNTC demands judgment against Fidelity, R. Sacks, Baymack, Illions and Kahn for indemnification.

## ELEVENTH CAUSE OF ACTION
### *Contribution*

77.     Third-Party Plaintiff repeats and realleges the allegations contained in Paragraphs One through Seventy-Six as if more fully set forth herein.

78.     Without admitting any liability, to the extent that the Court finds DBNTC to be liable to L. Sacks in any respect, DBNTC demands contribution from Fidelity, R. Sacks, and Kahn with respect to all damages assessed against DBNTC in favor of L. Sacks, together with attorneys' fees and costs.

131093.01326/7462651v.1

WHEREFORE, to the extent that the Court determines that DBNTC has any liability to

L. Sacks, DBNTC demands judgment against Fidelity, R. Sacks, and Kahn for contribution.


Dated: December 12, 2014

## BLANK ROME LLP

By: _____ /s/ Diana M. Eng _____
Diana M. Eng
Jennifer L. Neuner
The Chrysler Building
405 Lexington Avenue
New York, New York 110174
Tel: (212) 885-5000
Fax: (212) 885-5001
deng@blankrome.com
jneuner@blankrome.com

*Attorneys for Defendant,/Third Party
Plaintiff,* Ocwen Loan Servicing, LLC,
successor in interest to Homeward
Residential, Inc., f/k/a American Home
Mortgage Servicing, Inc., as Servicer for
Deutsche Bank National Trust Company, as
Trustee for American Home Mortgage
Investment Trust, Mortgage-Backed Notes,
Series 2006-3

33