FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 23 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LOIS SACKS,

                 Plaintiff,

  -against-

DEUTSCHE BANK NATIONAL TRUST COMPANY,
As Indenture Trustee for American Home Mortgage
Investment Trust 2006-3, Mortgage-Backed Notes,
Series 2006-3; AMERICAN HOME MORTGAGE;
AHM SV, INC.; AMERICAN HOME MORTGAGE
SERVICING INC.; MERSCORP HOLDINGS, INC.,
f/k/a MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., f/k/a MERSCORP, INC; FEDERAL
DEPOSIT INSURANCE CORPORATION, and
JOHN DOES 1-100,000 (described as anyone having
or claiming any interest in American Home Mortgage
Investment Trust 2006-3, Mortgage Backed Notes,
Series 2006-3 or anyone claiming any interest in all or
any part of the property located in Suffolk County,
New York, known as 72 Beckys Path, Bridgehampton,
New York 11932),

                 Defendants.
-----------------------------------------------------------------X
OCWEN LOAN SERVICING, LLC, as successor in
interest to Homeward Residential Inc. f/k/a American
Home Mortgage Servicing, Inc. as Servicer for
Deutsche Bank National Trust Company, as Indenture
Trustee for American Home Mortgage Investment
Trust 2006-3, Mortgage Backed Notes, Series 2006-3,

                 Third-Party Plaintiff,

  -against-

ROBERT SACKS; FIDELITY NATIONAL TITLE
INSURANCE COMPANY; and IRA KAHN,

                 Third-Party Defendants.
-----------------------------------------------------------------X

MEMORANDUM & ORDER

CV 12-6338
(Wexler, J.)

APPEARANCES:

    CARL E. PERSON, Attorney at Law
    BY: Carl E. Person, Esq.

Attorney for Plaintiff
225 E. 36th Street-Suite 3A
New York, New York 10016-3664

BLANK ROME LLP
BY: Rachel G. Packer, Esq. and Jennifer L. Neuner, Esq.
Attorneys for Defendant Deutsche Bank National Trust & Defendant/Third-Party
Plaintiff Ocwen Loan Servicing, LLC
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

ADAM LEITMAN BAILEY, P.C.
BY: Colin E. Kaufman, Esq.
Attorney for Third-Party Defendant Fidelity National Title Insurance Company
120 Broadway, 17th Floor
New York, New York 10271

WEXLER, District Judge:

Before the Court are plaintiff's objections to the Report and Recommendation issued by Magistrate Judge Locke on August 15, 2016 (the "R&R"). *See* Docket Entry ("DE") [77]. The R&R addresses four motions referred to Magistrate Judge Steven I. Locke. Plaintiff has timely filed objections to Judge Locke's rulings on three of the motions.[1] For the reasons discussed below, Magistrate Locke's thorough and well-reasoned R&R is adopted in its entirety.

## I. BACKGROUND

Familiarity with the R&R, including the recitation of facts set forth in it, is assumed. In brief, plaintiff Lois Sacks ("plaintiff") is the owner of a property located at 72 Becky's Path, Bridgehampton, New York (the "Property"). She alleges that in 2006, someone, without her knowledge or authorization, negotiated a loan secured by a mortgage lien on the Property. She claims that "[t]he note, mortgage and various papers in support of the note and mortgage are

---

[1] Judge Locke recommended that Third-Party Defendant Fidelity National Title Insurance Company's Motion in Partial Support of the Motion to Vacate a Certificate of Default, DE [58], be denied as moot in light of his recommendations on the other motions. As plaintiff has not filed objections to the recommendation on this motion, the recommendation is adopted.

2

replete with indications that the documents have been forged." Complaint, ¶35. From the closing of the loan through February 1, 2009, monthly payments on the loan were made "by an unknown person." *Id.*, ¶ 31. In 2009, the note and mortgage was assigned to defendant Deutsche Bank National Trust Company ("DBNTC") as Indenture Trustee for American Home Mortgage Investment Trust 2006-3, Mortgage-Backed Notes, Series 2006-3. DBNTC commenced a foreclosure action against plaintiff in state court in September 2009, but discontinued that action in 2010.

Plaintiff commenced this action on December 26, 2012 seeking to quiet title to the Property pursuant to New York law and equitable considerations, and for a declaration that the note and mortgage encumbering the Property are invalid. A review of the docket shows an Affidavit of Service on DBNTC indicating service of the summons and complaint on January 10, 2013. DE [6]. In addition to affidavits of service pertaining to other defendants, the remaining docket entries for calendar year 2013 only concern defendant Federal Deposit Insurance Corporation and plaintiff's voluntary dismissal of that defendant on March 6, 2013.

Aside from a routine judge reassignment, there is no other activity on the docket from March 6, 2013 until December 12, 2014. On that date, Ocwen Loan Servicing LLC ("Ocwen") filed a notice of appearance, DE [11], and an answer with third-party complaint. DE [12]. Ocwen filed these documents as "successor in interest to Homeward Residential, Inc., f/k/a American Mortgage Servicing, Inc., *as Servicer for Deutsche Bank National Trust Company*, as Trustee for American Home Mortgage Investment Trust, Mortgage-Backed Notes, Series 2006-3." Answer (emphasis supplied), DE [12]. Having not taken any action to prosecute her case since March 2013, plaintiff immediately sent a letter rejecting the answer as untimely, and sought certification of DBNTC's default. The Clerk of the Court noted DBNTC's default on January 6, 2015. DE [21].

Plaintiff has objected to recommendations made by Judge Locke as to the following motions: Ocwen's Motion to Set Aside the Default ("Motion to Set Aside the Default"), DE [57]; DBNTC's Motion to Amend the Answer ("Motion to Amend"), DE [71]; and Plaintiff's Motion to Strike the Motion to Amend ("Motion to Strike"), DE [73]. Magistrate Locke recommended that the Motion to Amend and the Motion to Set Aside the Default be granted, and that the Motion to Strike be denied.

## II. DISCUSSION

When reviewing a magistrate judge's report, the district court conducts a *de novo* review of those portions of the report to which timely objections are made. The district court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1). Plaintiff has filed objections to the R&R in nine enumerated sections. The crux of every objection is whether Ocwen has or had the authority to act on behalf of DBNTC.[2] Plaintiff claims it does not, and that therefore the R&R is erroneous and DBNTC remains in default. In a declaration submitted in support of the Motion to Amend, counsel for Ocwen and DBNTC stated that "although Ocwen does have the authority to take action on behalf of DBNTC pursuant to the Servicing Agreement [between Ocwen and DBNTC], the Answer should have been filed directly in the name of DBNTC, and not in the name of Ocwen on behalf of DBNTC." Declaration of Jill E. Award, DE [72-4], ¶9. Plaintiff's only argument, made without citation to case law,[3] is that the Servicing Agreement "is not binding on" her and thus Ocwen "had no right to proclaim itself the defendant in place of DBNTC." Objections at p. 6. As plaintiff has failed to make any cogent legal argument, her objections regarding Ocwen's position vis-à-vis DBNTC are overruled.

---

[2] Plaintiff repeatedly claims that DBNTC has not appeared and that she did not "agree" that Ocwen could appear as a defendant.
[3] The Court notes that plaintiff consistently fails to provide any legal support for her arguments in both her objections and in the papers filed in support of and opposition to the motions.

4

Leave to amend pleadings is freely given and should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)). Judge Locke found that plaintiff failed to establish bad faith, prejudice, or futility, and that the proposed amendment to the answer is appropriate. Based on a review of the motion and plaintiff's objections to the R&R, the Court declines to reject or modify that finding.

The Motion to Set Aside the Default is governed by Rule 55(c), which provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b). " FED. R. CIV. P. 55(c). The factors considered in deciding a motion to set aside entry of default or a default judgment are the same: "willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001) However, "courts apply the factors more rigorously in the case of a default judgment ... because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citation omitted). As no default judgment has been entered here, the use of the more lenient standard of Rule 55(c) is appropriate. In considering a Rule 55(c) motion to set aside the clerk's entry of default, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The Second Circuit has repeatedly cautioned that default judgments are disfavored. *See, e.g., Green*, 420 F.3d at 104 ("we have expressed a strong preference for resolving disputes on the merits" (internal quotation and citation omitted); *Enron Oil*, 10 F.3d at 96 (any doubt "as to whether a default should be granted or vacated" must be "resolved in favor of the defaulting party").

Judge Locke analyzed all the appropriate factors and found that there was no willfulness, no prejudice to plaintiff, and that the existence of meritorious defenses was established. Plaintiff's objections do not dispute these findings in any meaningful way, and the Court adopts Judge Locke's rulings.

**III. CONCLUSION**

The Court, upon conducting its *de novo* review of the R&R and the objections thereto, rejects those objections and adopts the R&R in its entirety. The pending motions are decided as follows:

- Motion to Amend, DE [71], and Motion to Set Aside Default, DE [57], are granted;
- Motion to Strike, DE [73], is denied; and
- Motion to Set Aside Default, DE [58], is denied as moot.

DBNTC shall file its amended answer, counterclaim and third party complaint by **October 5, 2016.**

SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 23, 2016